**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| YUNQIN CHEN; WEILI CHEN,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-268<br><br>Agency Nos.<br>A209-786-070<br>A208-908-624<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2023[**]
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

Yunqin and Weili Chen, natives and citizens of China, seek review of the

Board of Immigration Appeals' ("BIA") decision affirming the immigration

judge's ("IJ") denial of Yunqin's lead applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We

have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), we deny the petition.[1]

Substantial evidence supports the BIA's adverse credibility determination. "We review adverse credibility findings for substantial evidence, and must uphold them unless the evidence *compels* a contrary result." *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir. 2011).

Yunqin does not dispute that there are several inconsistencies between her testimony and other evidence in the record. But she argues that the inconsistencies were trivial, and that the BIA erred in rejecting her explanations for the inconsistencies. For instance, Yunqin asserts that the inconsistency between her testimony that she did not travel outside of China before 2014 and evidence of her arrest in Singapore prior to 2014 is trivial. But this discrepancy was not so trivial that it "ha[d] no bearing on [Yunqin's] veracity." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). And the BIA was not required to accept Yunqin's explanation for this inconsistency. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (holding that the BIA is not compelled to accept a petitioner's explanation even if the explanation is reasonable).

The discrepancies between Yunqin's testimony about who attended her baptism and other evidence in the record also support the adverse credibility determination. Again, the BIA was not required to accept Yunqin's explanations

---

[1] Although Yunqin raised a CAT claim before the IJ, she did not meaningfully challenge the IJ's denial of the claim before the BIA. Thus, the issue is not properly before us for review. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

for these discrepancies. *See id.* And the BIA did not err in rejecting Yunqin's argument that faulty translating caused various discrepancies between her first and second personal statements because Yunqin testified that she understood the questions asked by the interpreter and reviewed her first personal statement in Mandarin.

Furthermore, Yunqin admitted she provided false information when she applied for three non-immigrant visas. Because the record reflects that Chen's false statements were unrelated to "escaping immediate danger or gaining entry into the United States," they provided a legitimate basis for the agency's adverse credibility determination. *Singh*, 643 F.3d at 1181. These inconsistencies constitute substantial evidence supporting the BIA's adverse credibility determination, and therefore we do not reach Yunqin's arguments relating to other inconsistencies the BIA identified. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

The BIA concluded that "no other credible evidence independently" carried Yunqin's burden of establishing eligibility for relief, and she has not shown that the record compels a contrary conclusion. *See Wang*, 861 F.3d at 1009. Accordingly, we deny the petition.

**PETITION DENIED.**